IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

|  |  |
|---|---|
| INTERFACE, INC. et al., | |
| Plaintiffs, | |
| v. | 4:13-cv-47-WSD |
| J&J INDUSTRIES, INC., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction [4]. Also before the Court is Defendant's Motion for Leave to File Surreply [32].

### I. BACKGROUND

A. Facts

Plaintiffs Interface, Inc., Interface Americas, Inc., InterfaceFlor LLC, and Flor, Inc. (collectively, "Plaintiffs") manufacture and sell carpet, and carpet installation services. Defendant J&J Industries, Inc. ("Defendant") competes with Plaintiffs.

Plaintiffs invented a method for the glueless installation of carpet tiles, which they market as TacTiles and FLORDots. On February 26, 2013, the Patent

and Trademark Office ("PTO") issued, to Plaintiffs, Patent No. 8,381,473 (the "Interface Patent") in connection with their glueless installation invention. The Interface Patent contains numerous independent and dependent claims, including independent claim 20:

> An installation of modular carpet tiles connected together with connectors, each connector comprising:
> a. a sheet having two sides; and
> b. a layer of adhesive located on one side of the sheet, wherein the layer of adhesive is capable of forming a bond between the sheet and the undersides of the tiles and comprises a sufficient shear strength so that, when a connector spans adjacent edges of adjacent tiles so that the layer of adhesive contacts the undersides of the adjacent tiles, the connector prevents adjacent tiles from moving relative to the connector or each other and thereby creating gaps between the adjacent tiles after installation; and
> wherein the sheet comprises material sufficiently stiff for a connector positioned partly in contact with an underside of a tile to project beyond the edge of the tile in roughly the same plane as the underside of the tile.

(Interface Patent, Compl. Ex. A [1-1] at 21.)

Defendant manufactures and sells a glueless carpet tile installation product marketed as "TileTabs." Plaintiffs' TacTiles and Defendant's TileTabs compete for the same customers.

B. Procedural History

On February 26, 2013, Plaintiffs filed this patent infringement action against Defendant. In their Complaint, Plaintiffs allege that, by manufacturing and selling

2

its TileTabs product, Defendant directly infringes the Interface Patent and is liable for inducement of infringement and contributory infringement of the Interface Patent. On March 19, 2013, Plaintiffs filed their Motion for Preliminary Injunction seeking an order enjoining Defendant from manufacturing and selling TileTabs.[1]

## II. MOTION FOR PRELIMINARY INJUNCTION

### A. Legal Standard

Under 35 U.S.C. § 283, district courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283 (2006). In deciding whether to grant a preliminary injunction to enjoin patent infringement, under § 283 and Rule 65(a) of the Federal Rules of Civil Procedure, the district court applies the law of the Federal Circuit. Revision Military, Inc. v. Balboa Mfg. Co., 700 F.3d 524, 525 (Fed. Cir. 2012) (citing Hybritech Inc. v. Abbott Labs., 849 F.2d 1446, 1452 n.12 (Fed. Cir. 1988)). Under that law, "[a] preliminary injunction is a 'drastic and extraordinary remedy that is not to be routinely granted.'" Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd., 357 F.3d 1319, 1324

---

[1] On June 7, 2013, Defendant filed its opposition [22] to the Motion for Preliminary Injunction, and on June 28, 2013, Plaintiffs filed their reply [28]. On July 11, 2013, Defendant filed its Motion for Leave to File Surreply seeking permission to file a surreply brief to respond to certain arguments advanced in Plaintiffs' reply regarding the validity of the Interface Patent.

(Fed. Cir. 2004) (quoting Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993)).

A movant's "entitlement to such an injunction is a matter largely within the discretion of the trial court" after considering whether the movant has established four factors: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1375 (Fed. Cir. 2009) (alterations in original) (quoting Winter v. NRDC, 555 U.S. 7, 20 (2008)) (citing Genentech, Inc. v. Novo Nordisk A/S, 108 F.3d 1361, 1364 (Fed. Cir. 1997)). Although no single factor is dispositive in deciding to issue an injunction, "a movant cannot be granted a preliminary injunction unless it establishes *both* of the first two factors, *i.e.*, likelihood of success on the merits and irreparable harm." Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001).

B.   Analysis

To obtain a preliminary injunction, Plaintiffs have the burden to show that they are "likely to succeed on the merits" of their infringement claims. See Titan, 566 F.3d at 1375 (quoting Winter, 555 U.S. at 20); Amazon, 239 F.3d at 1350.

This requires that Plaintiffs submit evidence enabling the Court to engage in a two-step analysis: "First, the court determines the scope and meaning of the patent claims asserted . . . . [Secondly,] the properly construed claims are compared to the allegedly infringing device" to determine "that every claim limitation or its equivalent be found in the accused device." Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1339 (Fed. Cir. 2003) (omission and alteration in original) (quoting Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc)) (citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997)).

Plaintiffs here have not offered any evidence of the "scope and meaning" of the Interface Patent but argue simply that "installations using TileTabs connectors exhibit every element of at least one of the claims" of the Interface Patent. (Pls.' Br. [4-2] at 12.) To support this argument, Plaintiffs have submitted only one document, titled "Exemplary Claim Chart – J&J 'TileTabs' Connectors" (the "Claim Chart"). (See generally Pls.' Ex. B [8-15].) The Claim Chart lists, in one column, the elements of claim 20 of the Interface Patent and, in a corresponding column, a purported description of TileTabs. Plaintiffs do not identify the author of the Claim Chart, and they do not identify the source of the purported descriptions of TileTabs.

"[T]o support or oppose a motion for a preliminary injunction," a party must

present "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers." Charles Alan Wright et al., Federal Practice and Procedure § 2949, at 237 (3d ed. 2013). Although it may be submitted in a form "which would not be admissible evidence for a permanent injunction," the plaintiff's evidence must bear some indicia of reliability. See Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995); see also Qualls v. Rumsfeld, 357 F. Supp. 2d 274, 281 (D.D.C. 2005) ("When moving the court for a preliminary injunction, plaintiffs bear the burdens of production and persuasion. To meet these burdens, [plaintiffs] may rely on evidence that is less complete than in a trial on the merits; however, the evidence [plaintiffs] offer must be credible evidence." (internal citations and quotation marks omitted)). Affidavits, verified pleadings, and deposition testimony generally satisfy this standard. Wright et al., supra, § 2949, at 241–42. Bare pleadings and attorney argument, however, are not evidence and do not satisfy the plaintiff's burden. See id. § 2949, at 237 & n. 13; see also Qualls, 357 F. Supp. 2d at 281.

Plaintiffs' Claim Chart consists of unverified descriptions of TileTabs and attorney argument purporting to show how these descriptions correspond to the elements of claim 20 of the Interface Patent. The Claim Chart is not accompanied by, or incorporated into, any affidavits or other evidence to establish the Claim

Chart's accuracy or truthfulness.[2] The Claim Chart is not evidence, and the Court does not consider it.[3] Because Plaintiffs have failed to submit any evidence showing that TileTabs infringe the Interface Patent, Plaintiffs have not met their obligation to show they are likely to succeed on the merits of their claims. As a result, Plaintiffs' Motion for Preliminary Injunction is required to be denied.[4] See Reebok Int'l Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1556 (Fed. Cir. 1994) (explaining that, absent a showing of likelihood of success on the merits, a preliminary

---

[2] In a declaration submitted by Plaintiffs, Plaintiffs' employee Stuart Alan Jones states that he "reviewed the claim charts," and based on that review, asserts that TileTabs infringes the Interface Patent. (See Decl. S. Jones [4-5] ¶ 36.) Jones does not state that the Claim Chart is accurate, and he does not purport to have any knowledge of the Claim Chart's accuracy. Yet, he purports to express his opinion that Defendant's product infringes. This does not provide a basis for the Court to evaluate whether Plaintiffs are likely to succeed on the merits

[3] With its opposition to the Motion for Preliminary Injunction, Defendant introduced evidence to show that TileTabs do not meet claim 20's elements requiring a "layer of adhesive located on one side" and "sufficient shear strength." In their reply, Plaintiffs assert that, by offering this evidence, Defendant conceded that TileTabs include all of the remaining elements of claim 20. Plaintiffs' argument ignores the parties' different burdens. Plaintiffs are required to submit evidence "that every claim limitation or its equivalent be found in the accused device." See Oakley, 316 F.3d at 1339. As discussed above, Plaintiffs failed to meet this burden. Defendant is not required to submit evidence that its product does not include all of the elements of a claim. Defendant's decision not to submit such evidence with respect to the remaining elements of claim 20 is not a concession that TileTabs includes the remaining elements.

[4] Because the Court denies Plaintiff's Motion for Preliminary Injunction, Defendant's Motion to File Surreply is moot and is denied on that basis.

injunction is properly denied without regard to any other factors).

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction [4] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Surreply [32] is **DENIED AS MOOT**.

**SO ORDERED** this 5th day of November 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE